NOT FOR PUBLICATION (Doc. Nos. 75, 90)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| MONICA RAAB, | : |
| Plaintiff, | : Civil No. 11-6818 (RBK/KMW) |
| v. | : **OPINION** |
| CITY OF OCEAN CITY et al, | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter arises out of the respective motions for attorneys' fees and costs filed by Defendants City of Ocean City and the Ocean City Police Department (collectively "Ocean City"), (Doc. No. 75), and Plaintiff Monica Raab ("Plaintiff"), (Doc. No. 90). For the reasons discussed herein, both motions will be DENIED.

**I.    BACKGROUND**

Plaintiff filed a Complaint asserting eleven counts against Defendants Ocean City and Officer Jessie Scott Ruch ("Officer Ruch") (collectively "Defendants") on November 21, 2011. (Doc. No. 1.) Against both Defendants, Plaintiff asserted claims for unreasonable seizure pursuant to 42 U.S.C. § 1983 and the common law, excessive force pursuant to § 1983 and the common law, and unlawful search pursuant to § 1983. Against Ocean City only, Plaintiff alleged claims for supervisory liability under both failure to train and inadequate supervision theories pursuant to § 1983. Against Officer Ruch only, Plaintiff alleged common law assault

1

and battery and negligent infliction of emotional distress. Thereafter, discovery took place. At the close of the discovery period, counsel for Ocean City sent a letter to Plaintiff requesting that she voluntarily dismiss all of her constitutional claims against Ocean City due to their frivolity. (Doc. No. 75-3, Ex. 1 to Ocean City's Br. in Support). Plaintiff agreed to voluntarily dismiss her illegal search and common law assault and battery claims against Ocean City, but did not dismiss her remaining constitutional claims against Ocean City. (Doc. No. 94-1, Certification of Nicholas Pompelio ("Pompelio Cert") ¶ 6.)

On January 17, 2014, Ocean City filed a motion for summary judgment. (Doc. No. 53.) Ocean City and Officer Ruch submitted a joint offer to settle all of Plaintiff's claims against Defendants, exclusive of attorney fees, on February 5, 2014, which Plaintiff rejected. (Pompelio Cert. ¶ 7.) On April 30, 2014, Officer Ruch also filed a motion for summary judgment. (Doc. No. 65.) This Court granted summary judgment to Ocean City on all claims remaining against it. (Doc. No. 71.) The Court granted summary judgment to Officer Ruch on Plaintiff's false arrest claim, but denied summary judgment as to Plaintiff's excessive force and assault and battery claims. (Id.)

Ocean City filed its motion for attorney's fees on September 9, 2014. This Court agreed to hold the motion in abeyance until the completion of the entire case. (Doc. No. 80.) On November 25, 2014, counsel for Plaintiff and Officer Ruch entered into a settlement agreement for the sum of $150,001.00, exclusive of attorneys' fees. (Doc. No. 90-10, Ex. C to Plaintiff's Br. in Support.) Plaintiff filed her motion for attorney's fees on December 23, 2014, and thereafter responded to Ocean's City's motion that had been held in abeyance. After all briefing was complete on both motions, on January 21, 2015, this Court entered an Order of Dismissal. (Doc. No. 97.) Plaintiff and Officer Ruch subsequently filed a Stipulation of Dismissal,

exclusive of the pending motions for attorneys' fees. (Doc. No. 98.)

## II.   LEGAL STANDARD

Attorneys' fees and expenses may be awarded to a successful party in litigation where authorized by statute, court rule, or contract. Apple Corps. Ltd. v. Int'l Collectors Soc., 25 F. Supp. 2d 480, 484 (D.N.J. 1998). 42 U.S.C. § 1988(b) provides courts with discretion to grant a "reasonable attorney's fee" to a "prevailing party" in a § 1983 action. A plaintiff is considered "prevailing" when "actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar v. Hobby, 506 U.S. 103, 111–12 (1992); see Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792–93 (1989) (finding that "[t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties..."). The Supreme Court has held that a party may only "prevail" by obtaining either a judgment or a court-ordered consent decree. Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res., 532 U.S. 598, 604 (2001).

While "it is well settled that a prevailing plaintiff should recover an award of attorney's fees absent special circumstances," Cnty. of Morris v. Nationalist Movement, 273 F.3d 527, 535 (3d Cir. 2001), when a defendant is the prevailing party, he may recover attorney's fees "only if the District Court finds 'that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" Hughes v. Rowe, 449 U.S. 5, 14 (1980) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)). In applying this standard, the Supreme Court has cautioned that "[t]he fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." Hughes, 449 U.S. at 14. A court should "resist the understandable temptation to engage in post hoc reasoning by

concluding that because a plaintiff did not ultimately prevail his action must have been unreasonable or without foundation." <u>Christiansburg</u>, 434 U.S. at 421-22.  The Third Circuit has set forth several factors to be used as guidelines in determining whether a plaintiff's claim was frivolous, including

> whether the plaintiff established a prima facie case, the defendant offered to settle, the trial court dismissed the case prior to trial or the case continued until a trial on the merits…the question in issue was one of first impression requiring judicial resolution, [and] the controversy is based sufficiently upon a real threat of injury to the plaintiff.

<u>Barnes Found. v. Twp. of Lower Merion</u>, 242 F.3d 151, 158 (3d Cir. 2001).

### III.   DISCUSSION

#### A.   Ocean City's Motion

Plaintiff's claims against Ocean City may have been weak, but the Court cannot conclude that they were frivolous or without foundation.  Indeed, a district court must exercise caution in awarding fees to a prevailing defendant so as not to discourage legitimate lawsuits that may not be "airtight[,] . . . for seldom can a prospective plaintiff be sure of ultimate success." <u>Christiansburg</u>, 434 U.S. at 422.  "[E]ven if the court grants summary judgment because no 'reasonable jury could return a verdict in [the plaintiff's] favor,' the court may still deny a prevailing defendant's attorney's fees." <u>Amedee Geothermal Venture I v. Lassen Mun. Util. Dist.</u>, 8 F. Supp. 3d 1211, 1215 (E.D. Cal. 2014) (quoting <u>Brooks v. Cook</u>, 938 F.2d 1048, 1054-55 (9th Cir. 1991)).

Deficient training or supervision may form the basis for § 1983 municipal liability if the plaintiff can establish "both contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents and circumstances under which the supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate." <u>Montgomery v. De Simone</u>, 159 F.3d 120, 127 (3d Cir. 1998).  This Court granted

4

summary judgment in favor of Ocean City because it found that Plaintiff had not met either requirement.  See Doc. No. 70, Summ. J. Op. at 21.  However, this Court acknowledged that circumstances may exist where a pattern of known violations is not necessary to meet the first prong.  Id.  Furthermore, Plaintiff had undisputed evidence that, just one month prior to the event giving rise to this litigation, Officer Ruch was issued a "Performance Notice" wherein he was counseled by his supervisors for his lack of assertiveness and inability to take command in handling an unrelated incident.  See Ex. B. to Pompelio Cert.  The Performance Notice was referred to as a "training tool" for Officer Ruch.  Id.  Officer Ruch also admitted that this counseling was "in the back of my mind" during the altercation with Plaintiff.  See Ex. C to Pompelio Cert., Deposition of Officer Ruch, 132:7-11.  Although the Court ultimately concluded that these facts did not sufficiently establish a policy or custom on behalf of Ocean City for inadequate training and supervision, it was not unreasonable for Plaintiff to argue such based upon these facts.[1]  Thus, Ocean City's motion must be denied.

### B. Plaintiff's Motion

Plaintiff's motion must be denied because she is not a prevailing party under § 1988. Plaintiff has not obtained a judgment on the merits; rather, Plaintiff and Officer Ruch entered into a private settlement agreement.  Only "enforceable judgments on the merits and court-ordered consent decrees create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees."  Buckannon, 532 U.S. at 604 (internal citations omitted).  While "settlement agreements enforced through a consent decree may serve as the basis for an award of attorney's fees," id., that is not the situation that presents itself here, as no

---

[1] It is also relevant to note that Ocean City and Officer Ruch made a joint settlement offer to Plaintiff, which further supports the reasonableness of the claims asserted against Ocean City.  Ocean City's argument that this factor does not weigh against it because the offer was not made individually but in conjunction with the other defendant is unavailing.

consent decree was entered to enforce the settlement agreement.

In the wake of Buckannon, the Third Circuit held that unless a settlement is judicially sanctioned, it cannot confer prevailing party status. Truesdell v. Phila. Hous. Auth., 290 F.3d 159, 165 (3d Cir. 2002). In Truesdell, the Court determined that a court order enforcing a settlement could form the basis for prevailing party status, even though it was not a consent decree, where the order "(1) contains mandatory language . . . (2) is entitled 'Order,' . . . (3) bears the signature of the District Court judge, not the parties' counsel," and gives the plaintiff "the right to request judicial enforcement of the settlement." Id. The Court emphasized that the settlement agreement "[did] not bear the characteristics of a stipulated settlement," but rather contained the necessary characteristics of judicial oversight and approval that the Buckannon Court was concerned with, making it in effect a de facto consent decree. Id. at 604-05. See also John T. ex rel. Paul T. v. Delaware Cnty. Intermediate Unit, 318 F.3d 545, 560 (3d Cir. 2003) (finding that private settlements must be "judicially sanctioned" in order to confer a prevailing party status).

Here, this Court issued an Order of Dismissal stating that the "terms of the settlement agreement are incorporated herein by reference and the Court shall retain jurisdiction over such agreement." But, unlike the order in Truesdell, the terms of the settlement were not actually included in this Court's Order, and as such the Order contained no mandatory language concerning the terms of the settlement. This Court did not facilitate the settlement, has never seen the settlement agreement, nor was it aware of any terms contained within the agreement when the Order was issued. And certainly the parties did not present the settlement to the Court for approval. In fact, the parties themselves submitted a stipulation of dismissal after the Court's Order of Dismissal, bearing only the parties' signatures. The settlement agreement simply does

6

not entail the judicial approval and oversight necessary to be considered judicially sanctioned as required by Buckhannon such that the Court could confer prevailing party status on Plaintiff. Therefore, Plaintiff's motion must be denied.

### IV.    CONCLUSION

For the foregoing reasons, Ocean City's motion for attorney's fees is **DENIED**. Plaintiff's motion for attorney's fees is also **DENIED**. An appropriate Order shall issue.


Dated: 4/6/2015                                                       s/ Robert B. Kugler
                                                                      ROBERT B. KUGLER
                                                                      United States District Judge