**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| ———————————————— : | |
| Monica RAAB, : | |
| : | |
| Plaintiff, : | Civil No. 11-6818 (RBK/KMW) |
| : | |
| v. : | **Opinion** |
| : | |
| CITY OF OCEAN CITY, : | |
| NEW JERSEY, et al., : | |
| : | |
| Defendant(s). : | |
| ———————————————— : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on remand after the Court of Appeals for the Third

Circuit, in *Raab v. City of Ocean City, N.J.*, 833 F.3d 286 (3d Cir. 2016), affirmed in part and

reversed in part this Court's denial of attorney's fees under 42 U.S.C § 1988. The Court of

Appeals affirmed this Court's April 6, 2015 Order denying Defendant Officer Jesse Scott Ruch's

("Defendant") motion for attorney's fees, but reversed this Court's Order denying Plaintiff

Monica Raab's motion for attorney's fees. The Third Circuit remanded the matter for this Court

to determine the appropriate amount of fees to which Plaintiff is entitled. For the following

reasons, Plaintiff's Supplemental Motion for Attorney's Fees is **GRANTED IN PART**.

## I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court provided a more detailed recital of the facts in its August 8, 2014 Opinion

granting in part two Motions for Summary Judgment brought by Defendant and its co-

Defendants Ocean City and Ocean City Police Department ("OCPD"). *Raab v. City of Ocean

City*, No. Civ. 11-6818 (RBK/KMW), 2014 WL 3894061, at *1–3 (D.N.J. Aug. 8, 2014).

Therefore, the Court will only provide a brief summary sufficient to resolve the instant motion.

On the morning of May 10, 2010, Defendant arrived outside Plaintiff's residence, where a trailer had been parked for approximately one month, and decided that the trailer should be towed. *Id.* at *1. Fifteen minutes later, Plaintiff appeared outside, claimed the trailer as her brother-in-law's, and attempted to move it into her driveway upon learning that it would be towed. *Id.* While she was pulling the trailer, it came into contact with Defendant. *Id.* Plaintiff then walked toward her house to call her husband, and along the way removed her nightgown, exposing her breasts. *Id.*

After Plaintiff returned outside, another man pulled up and asked if he could help move the trailer. *Id.* at *2. Defendant agreed. *Id.* Plaintiff began assisting the man push the vehicle, and at this point Plaintiff asserts Defendant used force on her. *Id.* Plaintiff alleges he grabbed her right arm from behind, attached a handcuff to the right wrist, and threw her on the ground. *Id.* While on the ground, Defendant supposedly continued to pull and twist the handcuff, which pulled her arm in various directions and slammed her head onto the ground. *Id.* Defendant, by contrast, asserts that Plaintiff set down the trailer, began cursing at him, and pushed him with her forearm. *Id.* Defendant claims he then grabbed her wrist and she fell onto the ground. *Id.* While on the ground, she began flailing her legs, which prompted Defendant to detain her for his and her own safety. *Id.*

Plaintiff filed a Complaint against Defendant, along with its co-Defendants Ocean City and OCPD, on November 21, 2011 (Doc. No. 1). Against Defendant, Plaintiff brought counts of unlawful search, false arrest, excessive force, assault and battery, and negligent infliction of emotional distress. Compl. at 5–18. This Court granted summary judgment to Defendant on the false arrest claim, but denied summary judgment as to the excessive force and assault and battery

claims, in an Opinion and Order issued August 8, 2014 (Doc. Nos. 70, 71). Plaintiff and

Defendant subsequently entered into a settlement agreement on November 25, 2014, for the sum

of $150,001.00 minus attorney's fees. Pl.'s Mot. for Att'y's Fees, Pompelio Decl. Ex. C.

Defendants Ocean City and OCPD, and Plaintiff filed respective Motions for Attorney's Fees, on

September 8, 2014 (Doc. No. 75) and December 23, 2014 (Doc. No. 90). This Court denied both

Motions on April 6, 2015 (Doc. Nos. 100, 101).

The parties filed an appeal and cross-appeal of the Court's denial of attorney's fees on

May 4, 2015 and May 5, 2015 (Doc. Nos. 102, 103). The Third Circuit affirmed the denial of

Defendants Ocean City and OCPD's Motion, reversed the denial of Plaintiff's Motion, and

remanded the matter for the Court to determine the appropriate amount of fees. *Raab*, 833 F.3d.

Plaintiff then submitted a Supplemental Motion for Attorney's Fees on October 27, 2016 (Doc.

No. 114).

## II.      LEGAL STANDARD

Title 42 U.S.C. § 1988(b) provides courts with discretion to grant a "reasonable attorney's

fee" to a "prevailing party" in a § 1983 action. In general, a prevailing plaintiff should ordinarily

be awarded attorney's fees unless special circumstances would make an award unjust. *Hensley v.

Eckerhardt*, 461 U.S. 424, 429 (1983). The burden of proving that a request for attorney's fees is

reasonable rests on the party seeking the fees. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d

Cir. 1990). To satisfy this burden, the petitioner must "submit evidence supporting the hours

worked and rates claimed." *Id.* (quoting *Hensley*, 461 U.S. at 433). The district court is afforded

a "great deal of discretion" to adjust the awarded fee in light of the opponent's objections. *Id.*

The starting point of a district court's analysis is the lodestar amount, which is "the number of

hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* (quoting

*Hensley*, 461 U.S. at 433). "The Court may not make a finding of reasonableness based on a generalized sense of appropriateness, but must rely on the record." *Acosta v. Nat'l Packaging, Inc.*, No. 09-701, 2010 WL 3001191, at *8 (D.N.J. July 28, 2010) (citing *Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 361 (3d Cir. 2001)). In fact, "it is necessary that the Court go line, by line, by line through the billing records supporting the fee request" in order to satisfy the required reasonableness inquiry. *Evans*, 273 F.3d at 362 (internal quotation marks omitted).

## III. DISCUSSION

### A. Culpable Conduct

Defendant argues that the Court should exercise its discretion and award Plaintiff no attorney's fees. In support, Defendant cites *Addie v. Kjaer*, where the Third Circuit affirmed the district court's denial of attorney's fees to the prevailing party due to its culpable actions. 836 F.3d 251, 255 (3d Cir. 2016). *Addie* is inconclusive here, for several reasons. First, the facts are inapposite: *Addie* is a breach of contract case that stemmed from the sale of an island and was highly complex due to misrepresentations, omissions, and breaches committed on the part of all the parties. *Id.* at 253–54. This present matter involves a single plaintiff and defendant who litigated § 1983 claims that are common to many cases involving the use of force by a police officer. In addition, the district court in *Addie* declined to award attorney's fees because all parties had been found to have breached the contract, the breaches were "inextricably intertwined," and the jury had awarded damages to both sellers and buyers. *Id.* at 254, 260. No such circumstances are presented by this case.

Defendant nonetheless attempts to analogize to *Addie* by arguing that Plaintiff here also exercised culpable conduct and contributed to Defendant's use of force; its brief again details the behavior of Plaintiff leading up to her arrest, including how the trailer bumped into Officer Ruch

and she exposed herself. The Court, however, has already considered such conduct in its decision to deny summary judgment to Defendant on the count of excessive force. *See Raab*, 2014 WL 3894061, at *8. As the Opinion stated, an analysis of excessive force turns on the "facts and circumstances confronting" an officer, which includes the severity of the suspected crime and the immediate threat posed to officers. *Id.*; *Graham v. Connor*, 490 U.S. 386, 396–97 (1989). The Court proceeded to analyze the situation faced by Defendant, including Plaintiff's behavior, and nonetheless determined that summary judgment on the excessive force claim was inappropriate.

Lastly, the Court notes that Defendant confuses the standard of review that the *Addie* court applied. The Third Circuit's opinion was a review for abuse of discretion on the part of the district court. *See Addie*, 836 F.3d at 260. It did not hold that a court must categorically reduce or eviscerate attorney's fees when the requesting party had some responsibility for the events that proceeded. In conclusion, the Court will not exercise its discretion to deny all attorney's fees to Plaintiff.

### B. Lodestar Amount

#### 1. Hourly Rate

Defendant next contests the hourly rate claimed by Plaintiff. A reasonable hourly rate is generally reflected in the "prevailing market rates in the relevant community." *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). Specifically, the fee applicant bears the burden of producing sufficient evidence that the requested rates correspond with the prevailing rates in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).[1] Plaintiff submits that the rates of

---

[1] Where the reasonable hourly rate for fees is disputed, a district court must hold a hearing "only where the court cannot fairly decide disputed questions of fact without it." *Blum v. Witco Chem. Corp.*, 829 F.2d 367, 377 (3rd Cir. 1987). Here, the Court does not hold a hearing to determine

$325 for partner and $225 for associate attorney are reasonable. In support, she presents an affidavit by Gregg L. Zeff, a lawyer who owns and practices at a law firm in Mt. Laurel, New Jersey, that attests the requested rates are reasonable in light of the attorneys' degrees of experience, specialization in plaintiff-side civil litigation, and legal community of this venue. Pl.'s Br., Zeff Decl., ¶¶ 8–12. Plaintiff also relies on the Attorney Fees schedule published by the Community Legal Services of Philadelphia ("CLS"), which shows that an attorney of more than 25 years' experience charges $620 to $650 per hour and an attorney of 6 to 10 years' experience charges $270 to $340 per hour.

The Court finds that Zeff's affidavit supports the hourly rates proposed by Plaintiff. The affidavit discusses the rates that are reasonable specific to the local community and the attorneys' experience. These numbers are also congruent with the CLS schedule; the Third Circuit has endorsed use of the schedule to determine fees for the Philadelphia market, and courts in this District have also done the same for South Jersey. *See Maldonado*, 256 F.3d at 187; *Spectrum Produce Distrib., Inc. v. Fresh Mktg., Inc.*, No. Civ. 11-06368 JBS, 2012 WL 2369367, at *5 (D.N.J. June 20, 2012); *Bilazzo v. Portfolio Recovery Assocs., LLC*, 876 F. Supp. 2d 452, 470 (D.N.J. 2012).

Defendant does not address or refute Plaintiff's evidence. Instead, Defendant points to cases where the court has applied lower rates. The court in *Connor v. Sedgwick Claims Mgmt. Servs.*, however, rejected Plaintiff's evidence because it pertained to the New York and North Jersey market. No. Civ. 09-cv-1140 (NLH), 2012 WL 608483, at *4 (D.N.J. Feb. 23, 2012), *on reconsideration*, No. Civ. 09-cv-1140 (NLH), 2012 WL 6595072 (D.N.J. Dec. 18, 2012). And the court in *D'Orazio v. Wash. Twp.* adopted the rate proposed by the defendants due to the

---

the hourly rate because the parties have submitted sufficient evidence to guide the Court's decision.

numerous affidavits they submitted and the specificity lacking in the plaintiffs' submissions. No. Civ. 07-5097 (JEI/KMW), 2011 WL 6717427, at *4 (D.N.J. Dec. 21, 2011), *aff'd in part, remanded in part*, 501 F. App'x 185 (3d Cir. 2012). Here, Defendant did not present its own affidavits, nor does vagueness plague Plaintiff's Motion.

Lastly, Defendant submits that Plaintiff has a contingency fee arrangement and thus should not recover additional money under § 1099. The Supreme Court has squarely rejected this argument and stated that § 1988 and contingent fee contracts do not interfere with one another. *See Venegas v. Mitchell*, 495 U.S. 82, 90 (1990). As such, the Court finds that Plaintiff has met her burden of demonstrating her requested hourly rates.

2. *Number of Hours*

Plaintiff claims a total of $300,316.50 in fees, for work done prior to the appeal on attorney's fees and work completed on the appeal itself. Defendant raises various objections to the bill. The Court will address each of those objections in the sections below and tabulates the hours it reduces in Part IV. In total, the Court reduces the fees charged by $53,611.25, for a total attorney's fees award of $246,705.25.

a. **Excessive Hours**

The number of hours used to calculate the lodestar must reflect the amount of time "reasonably expended on the litigation." *Hensley*, 461 U.S. at 433. Excessive, redundant, or unnecessary hours are not reasonably expended and should be excluded from the calculation. *Id.* at 434. Defendant objects at various points that the hours charged by Plaintiff were excessive. *See, e.g.*, Pl.'s Br., Rizzo Cert. Ex. A, at 2 (09/22/2011, "Commence . . . ."); *id.* at 7 (11/07/2011, "Research . . . ."). The Court has reviewed these entries and finds that they involved complex

legal tasks, such as legal research and brief drafting, which reasonably required the time expended. As such, the Court does not reduce any of the entries for being excessive.[2]

### b. Vagueness

In this Circuit, "[a] fee petition is required to be specific enough to allow the district court 'to determine if the hours claimed are unreasonable for the work performed.'" *Washington v. Phila. Cty. Court of Common Pleas*, 89 F.3d 1031, 1037 (3d Cir. 1996) (citations omitted). In order to meet that standard, the petition should include "some fairly definite information as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations, and the hours spent by various classes of attorneys, e.g., senior partners, junior partners, associates." *Id.* (citations omitted). However, "it is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney." *Id.* (citations omitted).

The Court finds that some explanations of times billed by Plaintiff are generally worded and do not contain enough detail for an evaluation of whether they are reasonable. Entries of "[s]earch re: news stories," "review[ing] discovery documents," "[r]ec'd docs to file," and similar such descriptions are vague. *See, e.g.*, Pl.'s Br., Rizzo Cert. Ex. A, at 11 (01/18/2012, "Search . . . ."); *id.* (01/20/2012, "Review and review . . . ."); *id.* at 49 (11/08/2013, "Rec'd . . . ."). The Court disallows these submissions. Contrary to Defendant's arguments, however, the Court will not reject entries of document review merely because they do not contain the number of pages reviewed. Defendant provides no precedent mandating such specificity, nor is the Court aware of any such cases.

---

[2] The Court notes, however, that Defendant lodged other objections to many of these same entries. Thus, while the Court does not discount any time for the reason of excessiveness, it may have done so on other grounds. The entries reduced by the Court, and the reasons for doing so, are documented in Part IV.

### c.      Secretarial Work

Courts commonly reduce fee awards "when a lawyer spends time on tasks that are easily delegable to non-professional assistance." *Halderman by Halderman v. Pennhurst State Sch. & Hosp.*, 49 F.3d 939, 942 (3d Cir. 1995) (citations omitted). On the other hand, where lead partners review discovery or spend time on other menial tasks because the partner's special knowledge of the case is required to adequately perform such tasks, they may be billed at the partner's hourly rate. *See e.g.*, *Envirosource, Inc. v. Horsehead Res. Dev. Co., Inc.*, 981 F. Supp. 876, 882 (S.D.N.Y. 1998) (holding that partners' time spent taking notes on redactions and discovery properly billed at partner rate because of past problems with inappropriate redactions by other party).

Upon review of Plaintiff's time submissions, the Court notes multiple entries where Plaintiff charged associate- or partner-level rates for work such as electronically filing documents, printing, scanning, troubleshooting technical problems, and sending payments. *See, e.g.*, Pl.'s Br., Rizzo Cert. Ex. A, at 2 (09/23/2011, "Review . . . ."); *id.* at 5 (10/21/2011, "Rec'd . . . ."); *id.* at 6 (10/28/2011, "Receipt . . . ."). These tasks are easily delegable to non-professional staff, so the Court discounts them. Other charges claimed by Defendant to be secretarial, however, actually require special knowledge of the case, for instance locating a particular piece of evidence in discovery materials. *See, e.g.*, *id.* at 16 (07/10/2012, "Review police report . . . ."). These entries the Court does not reduce and allows to be billed at the attorney rate.

### d.      Other Defendants

Defendant requests deductions for the hours devoted to handling the case against co-Defendant Ocean City. A plaintiff can recover for work directed towards other defendants if she

"can establish that such hours also were fairly devoted to the prosecution of the claim[s] against the defendants over whom plaintiff prevailed." *Rode v. Dellarciprete*, 892 F.2d 1177, 1185 (3d Cir. 1990) (internal quotation marks and citations omitted). Courts should refrain from mechanically applying a percentage reduction, however, unless there is a "necessary percentage relationship between the number of (parties sued) and the lawyer time spent on each." *Baughman v. Wilson Freight Forwarding Co.*, 583 F.2d 1208, 1215 (3d Cir. 1978) (citations omitted).

In this case, the Court finds it can distinguish between work expended on the case against Defendant versus its co-Defendants Ocean City and Ocean City Police Department. For example, Plaintiff billed for preparing the response brief to a Motion for Summary Judgment brought by the co-Defendants that was separate from the Motion for Summary Judgment filed by Defendant. *See, e.g.*, Pl.'s Br., Rizzo Cert. Ex. A, at 56–58. Plaintiff also charged Defendant for time spent conferring with and replying to counsel for its co-Defendants Ocean City and Ocean City Police Department. *See, e.g.*, *id.* at 43 (08/12/2013, "Rec'd . . . ."; 08/13/2013, "Telephone . . . ."). For these and similar entries, the Court deducts the hours from the fee award.

### e.    Block Billing

Defendant also argues that the Court should discount any entries that are block billed. "Block billing is a time-keeping method by which each lawyer and legal assistant enters the total time daily spent working on a case, rather than itemizing the time expended on specific tasks." *United States v. NCH Corp.*, No. Civ. 98-5268 (SDW)(MCA), 2010 WL 3703756, at *4 (D.N.J. Sept. 10, 2010) (citations omitted). Block billing is an acceptable practice because it "saves time in that the attorney summarizes activities rather than detailing every task." *Id.* (citations omitted). Thus, "[block billing] will be upheld as reasonable if the listed activities reasonably correspond to the number of hours billed." *Id.* Although block billing may often result in a number of vague

entries, rather than excluding an entire entry, the court should examine the listed activities and the time spent conducting each activity to determine "whether the hours reasonably correlate to all of the activities performed." *Id.* "Where the court is unable to separate unrecoverable time from recoverable time in such billing entries, the court may reject the entire billing entry." *Walker v. Gruver*, No. 1:11-CV-1223, 2013 WL 5947623, at *13 (M.D. Pa. Nov. 5, 2013).

Per a review of Plaintiff's time submissions, the Court finds some entries where Plaintiff comingles work that is reasonably billed, with work that is vaguely described, secretarial, or pertains solely to the other Defendants. In these instances, the Court reduces the hours to reflect only the work that could be reasonably billed. Otherwise, where the block billed entry solely contains work that Plaintiff reasonably completed on the case, the Court does not reduce the time charged.

### f.      Travel Time

In the Third Circuit, "travel time is an out-of-pocket expense under § 1988 that is generally recoverable 'when it is the custom of attorneys in the local community to bill their clients separately for [it].'" *Planned Parenthood of Cent. N.J. v. Attorney Gen. of State of N.J.*, 297 F.3d 253, 267 (3d Cir. 2002) (citations omitted). Travel time is generally compensable in New Jersey. *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1225 (3d Cir. 1995). However, courts have reduced the billing rate, oftentimes by fifty percent, where the party fails to show that it performed legal work during the travel. *See Posa v. City of E. Orange*, No. Civ. 03-233 (FSH), 2005 WL 2205786, at *5 (D.N.J. Sept. 8, 2005) (collecting cases). The Court will follow that lead and similarly compensate Plaintiff for travel time at fifty percent the base rates. Where Plaintiff block bills for travel and other work, the Court applies the fifty percent reduction to the

entire entry; the block billed descriptions do not provide enough detail for the Court to separate out and differentially treat the travel and non-travel time.

### C. Partial Success

In addition, Defendant contends that Plaintiff's award should be reduced by the number of unsuccessful claims, in reliance on *McKenna v. City of Phila.*, 582 F.3d 447, 457 (3d Cir. 2009). According to the Third Circuit, "where a party brings claims that do not depend on the same sets of facts and legal theories as the claims on which the party has succeeded, fees should not be awarded for work on those unrelated claims." *Id.* Where the claims involve "a common core of facts" or are based on "related legal theories," there should be no reduction. *Id.* (quoting *Hensley*, 461 U.S. at 435). Applying this rule, the Third Circuit affirmed the district court's conclusion that the malicious prosecution, First Amendment retaliation, and excessive force claims were unrelated to that of false arrest. *Id.* In another case, the Third Circuit found that counts for excessive force and failure to train were intertwined. *Rapp v. City of Easton*, 77 F. App'x 88, 91 (3d Cir. 2003).

In this case, Plaintiff's claims for false arrest, excessive force, and assault and battery all arise from the same encounter: Defendant's decision to tow the trailer, interactions with Plaintiff, arrest of Plaintiff, and use of force during the arrest. Because all the counts depend on this same set of facts, they are related, and the failure of some is not grounds to reduce the total fee award.

### D. Rejection of Joint Offer of Judgement

Defendant further argues that Federal Rule of Civil Procedure 68(d) precludes recovery for work billed after Defendant made an initial settlement offer of $150,001.00. Rule 68(d) requires that the offeree pay the costs incurred after the offer was made if the judgment that the offeree obtains is not more favorable than the unaccepted offer. The parties dispute whether a

judgment, as referenced in the provision, includes a judgment post settlement. The Third Circuit has not addressed the issue, and the parties have identified only a few nonbinding decisions that have spoken on the matter. *See Good Timez, Inc. v. Phoenix Fire & Marine Ins. Co.*, 754 F. 459, 464 (D.V.I. 1991); *Lang v. Gates*, 36 F.3d 73, 76–77 (9th Cir. 1994); *Deferio v. Bd. of Tr. of State Univ. of N.Y.*, No. 5:11-CV-0563 (GTS/RFT), 2014 WL 295842, at *11 (N.D.N.Y. Jan. 27, 2014). The Supreme Court has, however, has opined that Rule 68(d)'s purpose is to "prompt[] both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Marek v. Chesny*, 473 U.S. 1, 5 (1985).

Given the paucity of relevant case law, this Court will take as guidance the Supreme Court's articulation of the provision's purpose, encouraging a party to seriously weigh a settlement offer against proceeding to trial. Thus, the Court holds that Rule 68(d) applies only to final judgments obtained after trial and allows Plaintiff to recover for work completed following Defendant's initial offer.

### E.    Costs

Plaintiff additionally claims $31,736.07 in costs, for expenses in photocopying; mileage, parking, and tolls; mailing; online legal research; deposition transcript fees; expert fees; and mediation fees. Taxation of costs is authorized by Federal Rule of Civil Procedure 54(d) and governed by 28 U.S.C. § 1920, which permits recovery for:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts
> necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any
> materials where the copies are necessarily obtained for use in the
> case;
> (5) Docket fees under section 1923 of this title;

> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Further costs are available to a party who brought a § 1983 claim, pursuant to 42 U.S.C. § 1988, "when it is the custom of attorneys in the local community to bill their clients separately for them." *Abrams*, 50 F.3d at 1225. "[A] district court generally has broad discretion in imposing costs." In re *Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 454 (3d Cir. 2000), *as amended* (Sept. 15, 2000).

The Third Circuit has found reproduction expenses, travel expenses, and postage to be recoverable under § 1988. *Abrams*, 50 F.3d at 1225. Thus, the Court will allow reimbursement for photocopying; mileage, parking, and tolls; and mailing. In addition, the Court finds that online research charges are costs customarily billed separately to clients and therefore awards them here. *See Apple Corps. Ltd. v. Int'l Collectors Soc'y*, 25 F. Supp. 2d 480, 498 (D.N.J. 1998) (allowing costs for Lexis). The Court will also permit Plaintiff to recover for deposition transcripts under § 1920(2), as Plaintiff states they were necessary to the litigation. While Defendant contends that costs for deposition transcripts are allowable only if "used at trial" pursuant to Local Civil Rule 54.1(g)(7), § 1920(2) requires only that transcripts be "obtained for use in the case." The Third Circuit has confirmed both that § 1920(2) permits the taxation of costs for depositions used in summary judgment motions and that Local Rule 54.1(g)(7) must give way to § 1920 where the two conflict. *In re Baby Food Antitrust Litig.*, 166 F.3d 112, 139 (3d Cir. 1999). Thus, this Court will award deposition transcript expenses as part of costs.

As for expert witness fees, the Court notes that they are only recoverable in suits brought under 42 U.S.C. §§ 1981 and 1981a, and not § 1983. *See Roccisano v. Twp. of Franklin*, No. Civ. 11-6558 (FLW)(LHG), 2015 WL 3649149, at *21 (D.N.J. June 11, 2015) (collecting cases). 28

U.S.C. § 1821 nonetheless provides payment of a standard witness fee of $40 per day of testimony; however, Plaintiff presents no documentation of testimony provided by its experts. As such, the Court awards no costs for work done by expert witnesses. Lastly, the parties agreed to evenly split the fee for mediation; the Court will not disturb that allocation at this juncture. *See D'Orazio*, 2011 WL 6717427, at *8. In conclusion, the Court reduces the cost by $20,150.00, to a total of $11,586.07.

## IV. APPENDIX

### A. Attorney's Fees

| Vagueness | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Date | Attorney | Description (First Word) | Original Hours | Reduction | Reduced Hours | Rate | Original Bill | Reduction | Reduced Bill |
| 9/20/2011 | PRR | Review . . . . | 2.1 | -2.1 | 0 | $325.00 | $682.50 | -$682.50 | $0.00 |
| 1/20/2012 | NFP | Review . . . . | 0.7 | -0.7 | 0 | $225.00 | $157.50 | -$157.50 | $0.00 |
| 2/23/2012 | PRR | Review . . . . | 0.2 | -0.2 | 0 | $325.00 | $65.00 | -$65.00 | $0.00 |
| 2/11/2013 | PRR | Attend . . . . | 10 | -3.4 | 6.6 | $325.00 | $3,250.00 | -$1,105.00 | $2,145.00 |
| 11/8/2013 | NFP | Rec'd . . . . | 0.2 | -0.2 | 0 | $225.00 | $45.00 | -$45.00 | $0.00 |
| 12/23/2014 | PRR | Cont'd . . . . | 2.2 | -1 | 1.2 | $325.00 | $715.00 | -$325.00 | $390.00 |
| 9/3/2015 | PRR | Review . . . . | 1.6 | -1.6 | 0 | $325.00 | $520.00 | -$520.00 | $0.00 |
| Secretarial Work | | | | | | | | | |
| Date | Attorney | Description (First Word) | Original Hours | Reduction | Reduced Hours | Rate | Original Bill | Reduction | Reduced Bill |
| 12/21/2011 | NFP | Rec'd . . . . | 0.5 | -0.5 | 0 | $225.00 | $112.50 | -$112.50 | $0.00 |
| 1/5/2012 | PRR | Receipt . . . . | 0.3 | -0.3 | 0 | $325.00 | $97.50 | -$97.50 | $0.00 |
| 8/30/2012 | NFP | Log . . . . | 0.2 | -0.2 | 0 | $225.00 | $45.00 | -$45.00 | $0.00 |
| 9/24/2012 | NFP | Rec'd . . . . | 0.3 | -0.3 | 0 | $225.00 | $67.50 | -$67.50 | $0.00 |
| 11/30/2012 | NFP | Rec'd . . . . | 0.5 | -0.5 | 0 | $225.00 | $112.50 | -$112.50 | $0.00 |
| 6/4/2013 | NFP | Discuss . . . . | 0.3 | -0.3 | 0 | $225.00 | $67.50 | -$67.50 | $0.00 |
| 10/24/2013 | NFP | Retrieved . . . . | 0.3 | -0.3 | 0 | $225.00 | $67.50 | -$67.50 | $0.00 |
| 1/9/2014 | NFP | Rec'd . . . . | 0.2 | -0.2 | 0 | $225.00 | $45.00 | -$45.00 | $0.00 |
| 1/22/2014 | NFP | Retrieve . . . . | 0.3 | -0.3 | 0 | $225.00 | $67.50 | -$67.50 | $0.00 |
| 3/3/2014 | NFP | Print . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |
| 4/11/2014 | NFP | Rev'd . . . . | 1 | -1 | 0 | $225.00 | $225.00 | -$225.00 | $0.00 |
| 6/2/2014 | NFP | Scan . . . . | 0.6 | -0.6 | 0 | $225.00 | $135.00 | -$135.00 | $0.00 |
| 9/16/2014 | NFP | Rec'd . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |
| 9/17/2014 | NFP | Rec'd . . . . | 0.2 | -0.2 | 0 | $225.00 | $45.00 | -$45.00 | $0.00 |
| 9/22/2014 | NFP | Scan . . . . | 0.2 | -0.2 | 0 | $225.00 | $45.00 | -$45.00 | $0.00 |

| Date | Attorney | Description (First Word) | Original Hours | Reduction | Reduced Hours | Rate | Original Bill | Reduction | Reduced Bill |
|---|---|---|---|---|---|---|---|---|---|
| 12/23/2014 | NFP | Retrieved . . . . | 0.3 | -0.3 | 0 | $225.00 | $67.50 | -$67.50 | $0.00 |
| 1/13/2015 | NFP | Scan . . . . | 0.5 | -0.5 | 0 | $225.00 | $112.50 | -$112.50 | $0.00 |
| 1/14/2015 | NFP | Organize . . . . | 0.3 | -0.3 | 0 | $225.00 | $67.50 | -$67.50 | $0.00 |
| 2/12/2015 | NFP | Organize . . . . | 0.5 | -0.5 | 0 | $225.00 | $112.50 | -$112.50 | $0.00 |
| 5/18/2015 | NFP | Search . . . . | 0.3 | -0.3 | 0 | $225.00 | $67.50 | -$67.50 | $0.00 |
| 5/19/2015 | NFP | Electronically . . . . | 0.7 | -0.7 | 0 | $225.00 | $157.50 | -$157.50 | $0.00 |
| 6/2/2015 | NFP | Scan . . . . | 0.3 | -0.3 | 0 | $225.00 | $67.50 | -$67.50 | $0.00 |
| 6/11/2015 | NFP | Rec'd . . . . | 0.5 | -0.5 | 0 | $225.00 | $112.50 | -$112.50 | $0.00 |
| 9/8/2015 | NFP | Rec'd . . . . | 0.4 | -0.4 | 0 | $225.00 | $90.00 | -$90.00 | $0.00 |
| 9/21/2015 | NFP | Scan . . . . | 0.3 | -0.3 | 0 | $225.00 | $67.50 | -$67.50 | $0.00 |
| 10/19/2015 | NFP | Scan . . . . | 0.3 | -0.3 | 0 | $225.00 | $67.50 | -$67.50 | $0.00 |
| 11/9/2015 | NFP | Rev'd . . . . | 0.6 | -0.6 | 0 | $225.00 | $135.00 | -$135.00 | $0.00 |
| 11/30/2015 | NFP | Attempted . . . . | 0.5 | -0.5 | 0 | $225.00 | $112.50 | -$112.50 | $0.00 |
| 10/18/2016 | NFP | Search . . . . | 0.4 | -0.4 | 0 | $225.00 | $90.00 | -$90.00 | $0.00 |
| **Other Defendants** | | | | | | | | | |
| **Date** | **Attorney** | **Description (First Word)** | **Original Hours** | **Reduction** | **Reduced Hours** | **Rate** | **Original Bill** | **Reduction** | **Reduced Bill** |
| 11/11/2011 | NFP | Search . . . . | 0.8 | -0.4 | 0.4 | $225.00 | $180.00 | -$90.00 | $90.00 |
| 12/19/2011 | NFP | Rec'd . . . . | 0.3 | -0.3 | 0 | $225.00 | $67.50 | -$67.50 | $0.00 |
| 12/28/2011 | PRR | Telephone . . . . | 0.3 | -0.3 | 0 | $325.00 | $97.50 | -$97.50 | $0.00 |
| 12/28/2011 | PRR | Telephone . . . . | 0.1 | -0.1 | 0 | $325.00 | $32.50 | -$32.50 | $0.00 |
| 8/3/2012 | NFP | Reviewed . . . . | 1.4 | -1.4 | 0 | $225.00 | $315.00 | -$315.00 | $0.00 |
| 9/10/2012 | PRR | Review . . . . | 0.3 | -0.3 | 0 | $325.00 | $97.50 | -$97.50 | $0.00 |
| 11/27/2012 | NFP | Rec'd . . . . | 0.2 | -0.2 | 0 | $225.00 | $45.00 | -$45.00 | $0.00 |
| 12/3/2012 | NFP | Commence . . . . | 2.5 | -2.5 | 0 | $225.00 | $562.50 | -$562.50 | $0.00 |
| 12/4/2012 | NFP | Continuing . . . . | 2.5 | -2.5 | 0 | $225.00 | $562.50 | -$562.50 | $0.00 |
| 3/19/2013 | NFP | Discuss . . . . | 0.3 | -0.3 | 0 | $225.00 | $67.50 | -$67.50 | $0.00 |
| 5/29/2013 | NFP | Pcall . . . . | 0.2 | -0.2 | 0 | $225.00 | $45.00 | -$45.00 | $0.00 |
| 6/24/2013 | PRR | Telephone . . . . | 0.3 | -0.3 | 0 | $325.00 | $97.50 | -$97.50 | $0.00 |
| 6/24/2013 | PRR | Telephone . . . . | 0.3 | -0.3 | 0 | $325.00 | $97.50 | -$97.50 | $0.00 |
| 6/26/2013 | PRR | Telephone . . . . | 0.1 | -0.1 | 0 | $325.00 | $32.50 | -$32.50 | $0.00 |
| 8/12/2013 | NFP | Rec'd . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |
| 8/13/2013 | PRR | Telephone . . . . | 0.1 | -0.1 | 0 | $325.00 | $32.50 | -$32.50 | $0.00 |
| 9/4/2013 | PRR | Emails . . . . | 0.2 | -0.2 | 0 | $325.00 | $65.00 | -$65.00 | $0.00 |
| 9/5/2013 | PRR | Review . . . . | 1.6 | -1.6 | 0 | $325.00 | $520.00 | -$520.00 | $0.00 |
| 9/5/2013 | NFP | Rec'd . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |
| 9/6/2013 | NFP | Rev'd . . . . | 1.2 | -1.2 | 0 | $225.00 | $270.00 | -$270.00 | $0.00 |
| 9/6/2013 | NFP | Google . . . . | 0.8 | -0.8 | 0 | $225.00 | $180.00 | -$180.00 | $0.00 |
| 9/11/2013 | NFP | Rec'd . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |
| 10/10/2013 | NFP | Rec'd . . . . | 1.7 | -0.7 | 1 | $225.00 | $382.50 | -$157.50 | $225.00 |
| 10/23/2013 | NFP | Rec'd . . . . | 0.3 | -0.3 | 0 | $225.00 | $67.50 | -$67.50 | $0.00 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 10/24/2013 | NFP | Rec'd . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |
| 10/25/2013 | NFP | Rec'd . . . . | 0.2 | -0.2 | 0 | $225.00 | $45.00 | -$45.00 | $0.00 |
| 10/31/2013 | NFP | Rec'd . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |
| 11/1/2013 | NFP | Pcall . . . . | 0.2 | -0.2 | 0 | $225.00 | $45.00 | -$45.00 | $0.00 |
| 11/25/2013 | NFP | Rec'd . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |
| 12/5/2013 | NFP | Rec'd . . . . | 0.2 | -0.2 | 0 | $225.00 | $45.00 | -$45.00 | $0.00 |
| 12/10/2013 | NFP | Rec'd . . . . | 0.3 | -0.3 | 0 | $225.00 | $67.50 | -$67.50 | $0.00 |
| 12/11/2013 | NFP | Rev'd . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |
| 12/20/2013 | NFP | Rec'd . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |
| 1/9/2014 | NFP | Pcall . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |
| 1/9/2014 | NFP | Email . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |
| 1/10/2014 | PRR | Telephone . . . . | 0.1 | -0.1 | 0 | $325.00 | $32.50 | -$32.50 | $0.00 |
| 1/13/2014 | NFP | Rev'd . . . . | 0.4 | -0.4 | 0 | $225.00 | $90.00 | -$90.00 | $0.00 |
| 1/5/2014 | PRR | Telephone . . . . | 0.1 | -0.1 | 0 | $325.00 | $32.50 | -$32.50 | $0.00 |
| 1/15/2014 | NFP | Rec'd . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |
| 1/16/2014 | NFP | Rev'd . . . . | 0.5 | -0.5 | 0 | $225.00 | $112.50 | -$112.50 | $0.00 |
| 1/16/2014 | NFP | Rec'd . . . . | 0.3 | -0.3 | 0 | $225.00 | $67.50 | -$67.50 | $0.00 |
| 1/17/2014 | NFP | Rec'd . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |
| 1/20/2014 | PRR | Receipt . . . . | 0.6 | -0.6 | 0 | $325.00 | $195.00 | -$195.00 | $0.00 |
| 1/20/2014 | NFP | Rev'd . . . . | 4 | -4 | 0 | $225.00 | $900.00 | -$900.00 | $0.00 |
| 1/21/2014 | NFP | Rev'd . . . . | 3 | -3 | 0 | $225.00 | $675.00 | -$675.00 | $0.00 |
| 1/23/2014 | NFP | Rev'd . . . . | 3.7 | -3.7 | 0 | $225.00 | $832.50 | -$832.50 | $0.00 |
| 1/23/2014 | NFP | Rev'd . . . . | 0.5 | -0.5 | 0 | $225.00 | $112.50 | -$112.50 | $0.00 |
| 1/23/2014 | NFP | Email . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |
| 1/23/2014 | NFP | Rec'd . . . . | 0.3 | -0.3 | 0 | $225.00 | $67.50 | -$67.50 | $0.00 |
| 1/30/2014 | NFP | Retrieve . . . . | 0.6 | -0.6 | 0 | $225.00 | $135.00 | -$135.00 | $0.00 |
| 1/30/2014 | NFP | Rev'd . . . . | 0.3 | -0.3 | 0 | $225.00 | $67.50 | -$67.50 | $0.00 |
| 1/31/2014 | PRR | Receipt . . . . | 0.1 | -0.1 | 0 | $325.00 | $32.50 | -$32.50 | $0.00 |
| 1/31/2014 | NFP | Rev'd . . . . | 3 | -3 | 0 | $225.00 | $675.00 | -$675.00 | $0.00 |
| 2/7/2014 | NFP | Commence . . . . | 2.5 | -2.5 | 0 | $225.00 | $562.50 | -$562.50 | $0.00 |
| 2/10/2014 | NFP | Commence . . . . | 5.5 | -5.5 | 0 | $225.00 | $1,237.50 | -$1,237.50 | $0.00 |
| 2/11/2014 | NFP | Continue . . . . | 2.3 | -2.3 | 0 | $225.00 | $517.50 | -$517.50 | $0.00 |
| 2/12/2014 | NFP | Continue . . . . | 2 | -2 | 0 | $225.00 | $450.00 | -$450.00 | $0.00 |
| 2/13/2014 | NFP | Continue . . . . | 5 | -5 | 0 | $225.00 | $1,125.00 | -$1,125.00 | $0.00 |
| 2/14/2014 | NFP | Rev'd . . . . | 3.5 | -3.5 | 0 | $225.00 | $787.50 | -$787.50 | $0.00 |
| 2/16/2014 | PRR | Review . . . . | 1.8 | -1.8 | 0 | $325.00 | $585.00 | -$585.00 | $0.00 |
| 2/16/2014 | NFP | Rec'd . . . . | 0.5 | -0.5 | 0 | $225.00 | $112.50 | -$112.50 | $0.00 |
| 2/17/2014 | PRR | Review . . . . | 0.8 | -0.8 | 0 | $325.00 | $260.00 | -$260.00 | $0.00 |
| 2/17/2014 | NFP | Rev'd . . . . | 1.4 | -1.4 | 0 | $225.00 | $315.00 | -$315.00 | $0.00 |
| 2/17/2014 | NFP | Discuss . . . . | 4 | -4 | 0 | $225.00 | $900.00 | -$900.00 | $0.00 |
| 2/17/2014 | NFP | Rec'd . . . . | 3 | -3 | 0 | $225.00 | $675.00 | -$675.00 | $0.00 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 2/18/2014 | NFP | Organize . . . . | 1 | -1 | 0 | $225.00 | $225.00 | -$225.00 | $0.00 |
| 2/19/2014 | NFP | Rev'd . . . . | 0.2 | -0.2 | 0 | $225.00 | $45.00 | -$45.00 | $0.00 |
| 2/20/2014 | NFP | Rec'd . . . . | 0.2 | -0.2 | 0 | $225.00 | $45.00 | -$45.00 | $0.00 |
| 3/3/2014 | PRR | Receipt . . . . | 1.1 | -1.1 | 0 | $325.00 | $357.50 | -$357.50 | $0.00 |
| 3/6/2014 | NFP | Retrieved . . . . | 0.3 | -0.3 | 0 | $225.00 | $67.50 | -$67.50 | $0.00 |
| 3/19/2014 | PRR | Telephone . . . . | 0.1 | -0.1 | 0 | $325.00 | $32.50 | -$32.50 | $0.00 |
| 3/24/2014 | PRR | Telephone . . . . | 0.2 | -0.2 | 0 | $325.00 | $65.00 | -$65.00 | $0.00 |
| 3/26/2014 | PRR | Telephone . . . . | 0.3 | -0.3 | 0 | $325.00 | $97.50 | -$97.50 | $0.00 |
| 3/26/2014 | NFP | Discuss . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |
| 3/26/2014 | NFP | Discuss . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |
| 3/26/2014 | NFP | Search . . . . | 0.3 | -0.3 | 0 | $225.00 | $67.50 | -$67.50 | $0.00 |
| 3/27/2014 | PRR | Emails . . . . | 0.1 | -0.1 | 0 | $325.00 | $32.50 | -$32.50 | $0.00 |
| 3/27/2014 | PRR | Further . . . . | 0.3 | -0.3 | 0 | $325.00 | $97.50 | -$97.50 | $0.00 |
| 4/10/2014 | PRR | Telephone . . . . | 0.4 | -0.4 | 0 | $325.00 | $130.00 | -$130.00 | $0.00 |
| 4/11/2014 | PRR | Receipt . . . . | 0.4 | -0.4 | 0 | $325.00 | $130.00 | -$130.00 | $0.00 |
| 4/11/2014 | PRR | Telephone . . . . | 0.1 | -0.1 | 0 | $325.00 | $32.50 | -$32.50 | $0.00 |
| 4/14/2014 | PRR | Telephone . . . . | 0.1 | -0.1 | 0 | $325.00 | $32.50 | -$32.50 | $0.00 |
| 4/17/2014 | PRR | Receipt . . . . | 0.3 | -0.3 | 0 | $325.00 | $97.50 | -$97.50 | $0.00 |
| 4/17/2014 | PRR | Receipt . . . . | 0.2 | -0.2 | 0 | $325.00 | $65.00 | -$65.00 | $0.00 |
| 4/22/2014 | PRR | Telephone . . . . | 0.3 | -0.3 | 0 | $325.00 | $97.50 | -$97.50 | $0.00 |
| 4/29/2014 | PRR | Telephone . . . . | 0.1 | -0.1 | 0 | $325.00 | $32.50 | -$32.50 | $0.00 |
| 4/29/2014 | NFP | Discuss . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |
| 9/8/2014 | PRR | Telephone . . . . | 0.3 | -0.3 | 0 | $325.00 | $97.50 | -$97.50 | $0.00 |
| 9/8/2014 | PRR | Receipt . . . . | 0.3 | -0.3 | 0 | $325.00 | $97.50 | -$97.50 | $0.00 |
| 9/8/2014 | NFP | Discuss . . . . | 0.2 | -0.2 | 0 | $225.00 | $45.00 | -$45.00 | $0.00 |
| 9/8/2014 | NFP | Rev'd . . . . | 0.5 | -0.5 | 0 | $225.00 | $112.50 | -$112.50 | $0.00 |
| 9/9/2014 | NFP | Rec'd . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |
| 9/10/2014 | NFP | Discuss . . . . | 0.2 | -0.2 | 0 | $225.00 | $45.00 | -$45.00 | $0.00 |
| 9/16/2014 | PRR | Emails . . . . | 0.1 | -0.1 | 0 | $325.00 | $32.50 | -$32.50 | $0.00 |
| 9/18/2014 | PRR | Emails . . . . | 0.1 | -0.1 | 0 | $325.00 | $32.50 | -$32.50 | $0.00 |
| 9/18/2014 | PRR | Revise . . . . | 0.2 | -0.2 | 0 | $325.00 | $65.00 | -$65.00 | $0.00 |
| 9/18/2014 | NFP | Revise . . . . | 0.3 | -0.2 | 0.1 | $225.00 | $67.50 | -$45.00 | $22.50 |
| 9/18/2014 | NFP | Rev'd . . . . | 0.3 | -0.3 | 0 | $225.00 | $67.50 | -$67.50 | $0.00 |
| 9/18/2014 | NFP | Pcall . . . . | 0.2 | -0.2 | 0 | $225.00 | $45.00 | -$45.00 | $0.00 |
| 9/19/2014 | NFP | Continue . . . . | 1.2 | -1.2 | 0 | $225.00 | $270.00 | -$270.00 | $0.00 |
| 9/19/2014 | NFP | Rec'd . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |
| 9/19/2014 | NFP | Rev'd . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |
| 9/19/2014 | NFP | Pcall . . . . | 0.5 | -0.5 | 0 | $225.00 | $112.50 | -$112.50 | $0.00 |
| 9/23/2014 | NFP | Rec'd . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |
| 12/4/2014 | NFP | Email . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |
| 12/4/2014 | NFP | Rev'd . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 12/4/2014 | NFP | Conduct . . . . | 2 | -2 | 0 | $225.00 | $450.00 | -$450.00 | $0.00 |
| 12/12/2014 | NFP | Rev'd . . . . | 0.6 | -0.6 | 0 | $225.00 | $135.00 | -$135.00 | $0.00 |
| 12/12/2014 | NFP | Rev'd . . . . | 0.8 | -0.8 | 0 | $225.00 | $180.00 | -$180.00 | $0.00 |
| 12/23/2014 | NFP | Rec'd . . . . | 0.5 | -0.5 | 0 | $225.00 | $112.50 | -$112.50 | $0.00 |
| 12/29/2014 | PRR | Receipt . . . . | 0.4 | -0.4 | 0 | $325.00 | $130.00 | -$130.00 | $0.00 |
| 12/29/2014 | NFP | Discuss . . . . | 0.2 | -0.2 | 0 | $225.00 | $45.00 | -$45.00 | $0.00 |
| 12/30/2014 | NFP | Rev'd . . . . | 4 | -4 | 0 | $225.00 | $900.00 | -$900.00 | $0.00 |
| 1/2/2015 | NFP | Pcall . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |
| 1/2/2015 | NFP | Rev'd . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |
| 1/2/2015 | NFP | Rec'd . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |
| 1/5/2015 | PRR | Review . . . . | 1.1 | -1.1 | 0 | $325.00 | $357.50 | -$357.50 | $0.00 |
| 1/5/2015 | NFP | Discuss . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |
| 1/5/2015 | NFP | Continue . . . . | 5 | -5 | 0 | $225.00 | $1,125.00 | -$1,125.00 | $0.00 |
| 1/5/2015 | NFP | Commence . . . . | 0.5 | -0.5 | 0 | $225.00 | $112.50 | -$112.50 | $0.00 |
| 1/5/2015 | NFP | Discuss . . . . | 0.2 | -0.2 | 0 | $225.00 | $45.00 | -$45.00 | $0.00 |
| 1/5/2015 | NFP | Rev'd . . . . | 0.9 | -0.9 | 0 | $225.00 | $202.50 | -$202.50 | $0.00 |
| 1/6/2015 | PRR | Review . . . . | 0.5 | -0.5 | 0 | $325.00 | $162.50 | -$162.50 | $0.00 |
| 1/6/2015 | NFP | Provide . . . . | 0.2 | -0.2 | 0 | $225.00 | $45.00 | -$45.00 | $0.00 |
| 1/6/2015 | NFP | Rev'd . . . . | 1 | -1 | 0 | $225.00 | $225.00 | -$225.00 | $0.00 |
| 1/6/2015 | NFP | Continue . . . . | 0.8 | -0.8 | 0 | $225.00 | $180.00 | -$180.00 | $0.00 |
| 1/6/2015 | NFP | Rev'd . . . . | 0.6 | -0.6 | 0 | $225.00 | $135.00 | -$135.00 | $0.00 |
| 1/6/2015 | NFP | Review . . . . | 0.7 | -0.7 | 0 | $225.00 | $157.50 | -$157.50 | $0.00 |
| 1/6/2015 | NFP | Commence . . . . | 0.3 | -0.3 | 0 | $225.00 | $67.50 | -$67.50 | $0.00 |
| 1/6/2015 | NFP | Draft . . . . | 0.5 | -0.5 | 0 | $225.00 | $112.50 | -$112.50 | $0.00 |
| 1/6/2015 | NFP | Commence . . . . | 0.5 | -0.5 | 0 | $225.00 | $112.50 | -$112.50 | $0.00 |
| 1/7/2015 | NFP | Rev'd . . . . | 1.4 | -1.4 | 0 | $225.00 | $315.00 | -$315.00 | $0.00 |
| 1/10/2015 | NFP | Rev'd . . . . | 1.5 | -1.5 | 0 | $225.00 | $337.50 | -$337.50 | $0.00 |
| 1/19/2015 | NFP | Email . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |
| 5/5/2015 | NFP | Rec'd . . . . | 0.2 | -0.2 | 0 | $225.00 | $45.00 | -$45.00 | $0.00 |
| 10/7/2015 | NFP | Search . . . . | 0.4 | -0.4 | 0 | $225.00 | $90.00 | -$90.00 | $0.00 |
| 10/19/2015 | PRR | Review . . . . | 0.3 | -0.3 | 0 | $325.00 | $97.50 | -$97.50 | $0.00 |
| 10/19/2015 | NFP | Draft . . . . | 0.3 | -0.3 | 0 | $225.00 | $67.50 | -$67.50 | $0.00 |
| 10/19/2015 | NFP | Rev'd . . . . | 1 | -1 | 0 | $225.00 | $225.00 | -$225.00 | $0.00 |
| 10/19/2015 | NFP | Rev'd . . . . | 0.4 | -0.4 | 0 | $225.00 | $90.00 | -$90.00 | $0.00 |
| 10/19/2015 | NFP | Rev'd . . . . | 2.5 | -2.5 | 0 | $225.00 | $562.50 | -$562.50 | $0.00 |
| 10/21/2015 | NFP | Rec'd . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |
| 10/27/2015 | NFP | Rev'd . . . . | 0.3 | -0.3 | 0 | $225.00 | $67.50 | -$67.50 | $0.00 |
| 10/28/2015 | NFP | Retrieve . . . . | 0.3 | -0.3 | 0 | $225.00 | $67.50 | -$67.50 | $0.00 |
| 11/2/2015 | NFP | Commence . . . . | 2.3 | -2.3 | 0 | $225.00 | $517.50 | -$517.50 | $0.00 |
| 11/3/2015 | NFP | Continue . . . . | 2 | -2 | 0 | $225.00 | $450.00 | -$450.00 | $0.00 |
| 11/6/2015 | NFP | Rec'd . . . . | 0.3 | -0.3 | 0 | $225.00 | $67.50 | -$67.50 | $0.00 |

| Date | Attorney | Description (First Word) | Original Hours | Reduction | Reduced Hours | Rate | Original Bill | Reduction | Reduced Bill |
|---|---|---|---|---|---|---|---|---|---|
| 12/8/2015 | PRR | Receipt . . . . | 0.3 | -0.3 | 0 | $325.00 | $97.50 | -$97.50 | $0.00 |
| 12/10/2015 | NFP | Rec'd . . . . | 0.2 | -0.2 | 0 | $225.00 | $45.00 | -$45.00 | $0.00 |
| 12/10/2015 | NFP | Pcall . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |
| 12/11/2015 | NFP | Rec'd . . . . | 0.3 | -0.3 | 0 | $225.00 | $67.50 | -$67.50 | $0.00 |
| 12/18/2015 | NFP | Rec'd . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |
| 3/9/2016 | PRR | Review . . . . | 0.8 | -0.8 | 0 | $325.00 | $260.00 | -$260.00 | $0.00 |
| 3/27/2016 | NFP | Travel . . . . | 5 | -5 | 0 | $225.00 | $1,125.00 | -$1,125.00 | $0.00 |
| 9/15/2016 | NFP | Rec'd . . . . | 0.1 | -0.1 | 0 | $225.00 | $22.50 | -$22.50 | $0.00 |
| 9/16/2016 | PRR | Receipt . . . . | 0.1 | -0.1 | 0 | $325.00 | $32.50 | -$32.50 | $0.00 |
| 10/18/2016 | NFP | Rev'd . . . . | 0.5 | -0.5 | 0 | $225.00 | $112.50 | -$112.50 | $0.00 |

| Block Billing | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Date | Attorney | Description (First Word) | Original Hours | Reduction | Reduced Hours | Rate | Original Bill | Reduction | Reduced Bill |
| 9/25/2011 | NFP | Update . . . . | 1.2 | -0.2 | 1 | $225.00 | $270.00 | -$45.00 | $225.00 |
| 10/26/2011 | NFP | Download . . . . | 2.5 | -0.5 | 2 | $225.00 | $562.50 | -$112.50 | $450.00 |
| 10/28/2011 | NFP | Printed . . . . | 2.1 | -0.5 | 1.6 | $225.00 | $472.50 | -$112.50 | $360.00 |
| 1/9/2012 | NFP | Continue . . . . | 2.5 | -1 | 1.5 | $225.00 | $562.50 | -$225.00 | $337.50 |
| 1/25/2012 | NFP | Discussing . . . . | 0.3 | -0.1 | 0.2 | $225.00 | $67.50 | -$22.50 | $45.00 |
| 2/29/2012 | NFP | Rec'd . . . . | 0.3 | -0.1 | 0.2 | $225.00 | $67.50 | -$22.50 | $45.00 |
| 4/2/2012 | NFP | Finalize . . . . | 0.9 | -0.7 | 0.2 | $225.00 | $202.50 | -$157.50 | $45.00 |
| 4/4/2012 | NFP | Meet . . . . | 2.3 | -1.8 | 0.5 | $225.00 | $517.50 | -$405.00 | $112.50 |
| 5/3/2012 | NFP | Rec'd . . . . | 0.6 | -0.2 | 0.4 | $225.00 | $135.00 | -$45.00 | $90.00 |
| 5/14/2012 | NFP | Review . . . . | 1.3 | -0.3 | 1 | $225.00 | $292.50 | -$67.50 | $225.00 |
| 6/12/2012 | NFP | Rec'd . . . . | 2 | -1.5 | 0.5 | $225.00 | $450.00 | -$337.50 | $112.50 |
| 6/13/2012 | NFP | Continue . . . . | 1.5 | -1 | 0.5 | $225.00 | $337.50 | -$225.00 | $112.50 |
| 7/24/2012 | NFP | Search . . . . | 0.5 | -0.3 | 0.2 | $225.00 | $112.50 | -$67.50 | $45.00 |
| 8/2/2012 | NFP | Rec'd . . . . | 1.5 | -0.5 | 1 | $225.00 | $337.50 | -$112.50 | $225.00 |
| 9/10/2012 | NFP | Rev'd . . . . | 0.8 | -0.3 | 0.5 | $225.00 | $180.00 | -$67.50 | $112.50 |
| 11/8/2012 | NFP | Scan . . . . | 0.5 | -0.4 | 0.1 | $225.00 | $112.50 | -$90.00 | $22.50 |
| 12/6/2012 | NFP | Rev'd . . . . | 1 | -0.2 | 0.8 | $225.00 | $225.00 | -$45.00 | $180.00 |
| 1/31/2013 | NFP | Rec'd . . . . | 0.3 | -0.1 | 0.2 | $225.00 | $67.50 | -$22.50 | $45.00 |
| 3/7/2013 | NFP | Rec'd . . . . | 2.3 | -1.8 | 0.5 | $225.00 | $517.50 | -$405.00 | $112.50 |
| 4/3/2013 | NFP | Down . . . . | 0.2 | -0.1 | 0.1 | $225.00 | $45.00 | -$22.50 | $22.50 |
| 5/8/2013 | NFP | Rec'd . . . . | 2 | -1 | 1 | $225.00 | $450.00 | -$225.00 | $225.00 |
| 6/6/2013 | NFP | Pcall . . . . | 1 | -0.1 | 0.9 | $225.00 | $225.00 | -$22.50 | $202.50 |
| 6/25/2013 | PRR | Review . . . . | 0.3 | -0.2 | 0.1 | $325.00 | $97.50 | -$65.00 | $32.50 |
| 8/7/2013 | NFP | Rec'd . . . . | 2 | -1 | 1 | $225.00 | $450.00 | -$225.00 | $225.00 |
| 8/26/2013 | NFP | Rec'd . . . . | 0.5 | -0.3 | 0.2 | $225.00 | $112.50 | -$67.50 | $45.00 |
| 8/29/2013 | NFP | Print . . . . | 0.8 | -0.6 | 0.2 | $225.00 | $180.00 | -$135.00 | $45.00 |
| 9/16/2013 | NFP | Copy . . . . | 2.5 | -2 | 0.5 | $225.00 | $562.50 | -$450.00 | $112.50 |
| 12/3/2013 | NFP | Rev'd . . . . | 1.7 | -0.9 | 0.8 | $225.00 | $382.50 | -$202.50 | $180.00 |
| 1/18/2014 | NFP | Rev'd . . . . | 1 | -0.4 | 0.6 | $225.00 | $225.00 | -$90.00 | $135.00 |

| Date | Attorney | Description (First Word) | Original Hours | Reduction | Reduced Hours | Rate | Original Bill | Reduction | Reduced Bill |
|---|---|---|---|---|---|---|---|---|---|
| 1/20/2014 | NFP | Retrieved . . . . | 0.4 | -0.2 | 0.2 | $225.00 | $90.00 | -$45.00 | $45.00 |
| 1/27/2014 | NFP | Commence . . . . | 7 | -3.5 | 3.5 | $225.00 | $1,575.00 | -$787.50 | $787.50 |
| 1/30/2014 | NFP | Rev'd . . . . | 0.6 | -0.3 | 0.3 | $225.00 | $135.00 | -$67.50 | $67.50 |
| 6/2/2014 | NFP | Rev'd . . . . | 2.5 | -0.5 | 2 | $225.00 | $562.50 | -$112.50 | $450.00 |
| 9/8/2014 | NFP | Search . . . . | 0.7 | -0.2 | 0.5 | $225.00 | $157.50 | -$45.00 | $112.50 |
| 12/23/2014 | NFP | Final . . . . | 1.5 | -1 | 0.5 | $225.00 | $337.50 | -$225.00 | $112.50 |
| 1/6/2015 | NFP | Rec'd . . . . | 0.6 | -0.4 | 0.2 | $225.00 | $135.00 | -$90.00 | $45.00 |
| 1/13/2015 | NFP | Continue . . . . | 2.3 | -0.3 | 2 | $225.00 | $517.50 | -$67.50 | $450.00 |
| 4/27/2015 | NFP | Rec'd . . . . | 0.3 | -0.1 | 0.2 | $225.00 | $67.50 | -$22.50 | $45.00 |
| 5/4/2015 | NFP | Draft . . . . | 0.6 | -0.3 | 0.3 | $225.00 | $135.00 | -$67.50 | $67.50 |
| 5/5/2015 | NFP | Draft . . . . | 0.3 | -0.1 | 0.2 | $225.00 | $67.50 | -$22.50 | $45.00 |
| 5/6/2015 | NFP | Rec'd . . . . | 0.3 | -0.1 | 0.2 | $225.00 | $67.50 | -$22.50 | $45.00 |
| 5/12/2015 | NFP | Search . . . . | 0.6 | -0.3 | 0.3 | $225.00 | $135.00 | -$67.50 | $67.50 |
| 6/1/2015 | NFP | Rev'd . . . . | 0.7 | -0.5 | 0.2 | $225.00 | $157.50 | -$112.50 | $45.00 |
| 9/3/2015 | NFP | Organize . . . . | 1 | -0.8 | 0.2 | $225.00 | $225.00 | -$180.00 | $45.00 |
| 11/5/2015 | NFP | Print . . . . | 0.4 | -0.2 | 0.2 | $225.00 | $90.00 | -$45.00 | $45.00 |
| 10/18/2016 | NFP | Search . . . . | 0.5 | -0.3 | 0.2 | $225.00 | $112.50 | -$67.50 | $45.00 |
| **Travel Time** | | | | | | | | | |
| **Date** | **Attorney** | **Description (First Word)** | **Original Hours** | **Reduction** | **Reduced Hours** | **Rate** | **Original Bill** | **Reduction** | **Reduced Bill** |
| 9/23/2011 | NFP | Travel . . . . | 4 | 0 | 4 | $225.00 | $900.00 | -$450.00 | $450.00 |
| 4/5/2012 | NFP | Travel . . . . | 5.5 | 0 | 5.5 | $225.00 | $1,237.50 | -$618.75 | $618.75 |
| 8/30/2012 | NFP | Travel . . . . | 2.5 | 0 | 2.5 | $225.00 | $562.50 | -$281.25 | $281.25 |
| 8/31/2012 | NFP | Travel . . . . | 6 | 0 | 6 | $225.00 | $1,350.00 | -$675.00 | $675.00 |
| 8/31/2012 | NFP | Travel . . . . | 2.5 | 0 | 2.5 | $225.00 | $562.50 | -$281.25 | $281.25 |
| 2/12/2013 | NFP | Travel . . . . | 8.8 | 0 | 8.8 | $225.00 | $1,980.00 | -$990.00 | $990.00 |
| 2/13/2013 | NFP | Travel . . . . | 2 | 0 | 2 | $225.00 | $450.00 | -$225.00 | $225.00 |
| 2/14/2013 | NFP | Continue . . . . | 10.5 | 0 | 10.5 | $225.00 | $2,362.50 | -$1,181.25 | $1,181.25 |
| 2/28/2013 | NFP | Travel . . . . | 12.5 | 0 | 12.5 | $225.00 | $2,812.50 | -$1,406.25 | $1,406.25 |
| 3/24/2013 | NFP | Travel . . . . | 3.5 | 0 | 3.5 | $225.00 | $787.50 | -$393.75 | $393.75 |
| 4/17/2013 | PRR | Attend . . . . | 10.5 | 0 | 10.5 | $325.00 | $3,412.50 | -$1,706.25 | $1,706.25 |
| 4/24/2013 | NFP | Travel . . . . | 8.5 | 0 | 8.5 | $225.00 | $1,912.50 | -$956.25 | $956.25 |
| 6/25/2013 | NFP | Travel . . . . | 2.5 | 0 | 2.5 | $225.00 | $562.50 | -$281.25 | $281.25 |
| 6/26/2013 | NFP | Travel . . . . | 3.5 | 0 | 3.5 | $225.00 | $787.50 | -$393.75 | $393.75 |
| 6/27/2013 | NFP | Travel . . . . | 2.5 | 0 | 2.5 | $225.00 | $562.50 | -$281.25 | $281.25 |
| 6/11/2014 | PRR | Attend . . . . | 9 | 0 | 9 | $325.00 | $2,925.00 | -$1,462.50 | $1,462.50 |
| 6/11/2014 | NFP | Travel . . . . | 9 | 0 | 9 | $225.00 | $2,025.00 | -$1,012.50 | $1,012.50 |
| 11/25/2014 | PRR | Travel . . . . | 3.5 | 0 | 3.5 | $325.00 | $1,137.50 | -$568.75 | $568.75 |
| 11/25/2014 | NFP | Travel . . . . | 3.5 | 0 | 3.5 | $225.00 | $787.50 | -$393.75 | $393.75 |

### B. Costs

| Date | Description (First Words) | Original Cost | Reduction | Reduced Cost |
|---|---|---|---|---|
| 10/23/2012 | 032225, Dr. Maureen Gottfried . . . . | $500.00 | -$500.00 | $0.00 |
| 11/27/2012 | 007787, Arvind Baliga M.D. . . . . | $750.00 | -$750.00 | $0.00 |
| 1/18/2013 | 010083, Dr. Richard Celeste . . . . | $3,000.00 | -$3,000.00 | $0.00 |
| 7/25/2013 | 011161, Center for Emotional Fitness . . . . | $5,500.00 | -$5,500.00 | $0.00 |
| 8/26/2013 | 010083, Dr. Richard Celeste . . . . | $5,000.00 | -$5,000.00 | $0.00 |
| 11/7/2013 | 007787, Arvind Baliga M.D. . . . . | $300.00 | -$300.00 | $0.00 |
| 12/31/2013 | 083281, Shore Therapy . . . . | $2,500.00 | -$2,500.00 | $0.00 |
| 1/14/2014 | 083281, Shore Therapy . . . . | $1,100.00 | -$1,100.00 | $0.00 |
| 2/25/2014 | 007787, Arvind Baliga M.D. . . . . | $300.00 | -$300.00 | $0.00 |
| 9/26/2014 | 092213, Joseph C. Visalli, Esq. . . . . | $1,200.00 | -$1,200.00 | $0.00 |

## V. CONCLUSION

For the reasons expressed above, Plaintiff's Supplemental Motion for Attorney's Fees and Costs is **GRANTED IN PART**.


Dated:___6/26/2017___                                   s/ Robert B. Kugler_____

                                                         ROBERT B. KUGLER

                                                         United State District Judge